OPINION
On July 9, 1999, the Delaware County Grand Jury indicted appellant, Isabella F. Shelton, on four counts of forgery in violation of R.C.2913.31(A)(2). Said charges arose from incidents that occurred while appellant was employed as a service area cashier at Meijer's store. A jury trial commenced on October 21, 1999. At the close of the state's case-in-chief, appellant made a motion for acquittal pursuant to Crim.R. 29. Said motion was denied. The jury found appellant guilty of two counts and not guilty of a third count. The fourth count was dismissed after the jury had failed to reach a verdict thereon. By judgment entry filed March 13, 2000, the trial court sentenced appellant to eight months on each count, to be served concurrently. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL JUDGE ERRED IN NOT GRANTING APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.
 II. THE JURY'S VERDICT OF GUILTY ON COUNTS ONE AND TWO WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
Appellant's two assignments of error challenge the sufficiency of the evidence under Crim.R. 29 and the jury's verdict as being against the manifest weight of the evidence. Because both involve a review of the evidence, we will discuss them jointly. The state suggests that because appellant did not renew the Crim.R. 29 motion for acquittal at the end of all the evidence, the issue is not preserved for appeal. We disagree. Crim.R. 29 clearly states when such a motion may be made and provides for that motion to be made at alternative times not cumulative times. Crim.R. 29 states as follows: (A) Motion for Judgment of Acquittal
The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus: Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259 . On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The crux of appellant's argument centers around the issue of economic loss to the victim and the fact that there was no "paper" proof of the forgery. Appellant was convicted of forgery in violation of R.C. 2913.31(A)(2) which states as follows: (A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
(2) Forge any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed;
The indictment filed July 9, 1999 claimed forgeries were created on March 9, 11, 15 and 20, 1999. EVIDENCE ON CRIM.R. 29 Received into evidence were three statements signed by appellant wherein she voluntarily acknowledged that she created fraudulent sales adjustments on March 20, 1999 (State's Exhibit 2), March 9, 1999 (State's Exhibit 3) and March 11, 1999 (State's Exhibit 4). T. at 54-56. Within these statements, appellant admitted she intended to cash these fraudulent sales adjustments for money and permanently deprive Meijer's of the money. Regarding the March 20, 1999 incident, a witness testified to observing appellant create two sales adjustments with no customers present, and place the receipts in an envelope. T. at 47-49. Appellant admitted to fellow employees that she did it. T. at 50, 125. Appellant claimed she threw away the March 20, 1999 receipts into a trash dumpster at work but they were never recovered. T. at 50-51, 124. Duplicates of these receipts were placed into evidence (State's Exhibit 13). T. at 127. Appellant admitted to cashing forged adjustments at two other Meijer's stores. T. at 51-52. With the admissions of appellant alone, we find the trial court properly denied the Crim.R. 29 motion made at the close of the state's case-in-chief.
 EVIDENCE ON MANIFEST WEIGHT
Appellant was convicted of Counts 1 and 2 which were the March 9 and 11, 1999 transactions. As noted supra, appellant admitted on two occasions to cashing false sales adjustments. The convictions on Counts 1 and 2 correspond to these signed admissions. See, State's Exhibits 3 and 4. A videotape (State's Exhibit 9) was played depicting the March 9 and 11, 1999 transactions. T. at 108. The tape showed appellant alone at the service desk creating sales adjustments and placing them in her pocket. T. at 109-110. An electronic journal (State's Exhibit 1) disclosed the creation of the sales adjustments on March 9 and 11, 1999. The values were $956.25 and $478.13 for March 9, 1999 and two for $63.74 for March 11, 1999. Appellant argues the admissions, videotape and electronic journal reports are insufficient to establish a "forgery." We disagree. Circumstantial evidence was clearly presented with the videotape and the electronic journal to lead a reasonable jury to reject appellant's recantation of her admissions. We note circumstantial evidence in Ohio is given the same weight as direct evidence. Jenks, supra. Upon review, we find we have present circumstantial evidence and direct evidence (appellant's admissions). We do not find that the jury lost its way. The jury clearly rejected some circumstantial evidence where there was no proof of forged sales adjustments (Counts 3 and 4). We find sufficient credible evidence to substantiate the jury's verdict, and no manifest miscarriage of justice.
Farmer, P.J. Edwards, J. and Reader, V.J. concur.